#2003906

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
## for the
## Southern District of West Virginia
## 2 Division

Michael Mulla
_____
Plaintiff(s)
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Sandra Bullman
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names.)

Case No. 2:25-cv-0299
(to be filled in by the Clerk's Office)

Jury Trial: (check one)  ☑ Yes   ☐ No

**FILED MAY - 6 2025**
RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

## COMPLAINT FOR A CIVIL CASE

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   Name: Michael Mulla
   Street Address: 8 Muggleberg ln
   City and County: South Charleston WV
   State and Zip Code: 25309
   Telephone Number: 309-881-2591
   E-mail Address: Michaelmulla85@Gmail.com

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.


Sandra Bullman
607 Ohio Avenue
Charleston WV 25302
309-344-5692

Page 1 of 5

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA DIVISION 2

Michael Mulla, Plaintiff v. Civil Action No. 2:25-00299 Sandra Bullman, Defendant

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

I. JURISDICTION AND VENUE

1. This is a civil action seeking damages and equitable relief for the deprivation of constitutional rights under the First and Fourteenth Amendments to the United States Constitution, as authorized by 42 U.S.C. § 1983. 2. This Court has jurisdiction under 28 U.S.C. § 1331 and § 1343. 3. Venue is proper in this district under 28 U.S.C. § 1391(b), as the events giving rise to the claim occurred in Kanawha County, West Virginia, within this district.

II. PARTIES

5. Defendant Sandra Bullman is the court-appointed Guardian ad Litem for the minor child M▇▇▇ M▇▇ in a state dependency matter. She maintains her professional mailing address at 607 Ohio Avenue, Charleston, West Virginia, 25302. Her phone number is 304-344-5692, and her West Virginia State Bar number is 4296.

III. FACTUAL ALLEGATIONS

6. Plaintiff was subjected to supervised visitation with his daughter, M▇▇▇ M▇▇, based on unsubstantiated allegations. 7. Sandra Bullman was informed by both Plaintiff and his father Joseph Mulla about recordings and statements showing M▇▇▇ was coerced by her grandmother to lie in court. 8. Sandra Bullman failed to act on this information, failed to report abuse, and instead suppressed this evidence. 9. Bullman also failed to disclose to the court that M▇▇▇ M▇▇ had expressed her desire to live with her father and distrusted the GAL. 10. Bullman permitted CPS and other officials to continue presenting false evidence to the court. 11. Plaintiff began recording his supervised visits due to prior false accusations against Joseph Mulla and fear of similar misconduct. 12. Plaintiff was then targeted for contempt for making public statements about the case, despite there being no valid gag order preventing such statements.

IV. CLAIMS FOR RELIEF

Count I – First Amendment Retaliation (42 U.S.C. § 1983) 13. Defendant retaliated against Plaintiff for exercising his free speech rights, including speaking publicly about his case and exposing misconduct. Count II – Fourteenth Amendment – Due Process Violation 14. Defendant deprived Plaintiff of due process by suppressing exculpatory evidence and failing to protect the child despite knowledge of abuse. Count III – Violation of Parental Rights 15. Defendant violated Plaintiff's fundamental liberty interest in the care, custody, and control of his child. Count IV – Conspiracy to Deprive Civil Rights (42 U.S.C. § 1985) 16. Defendant acted in concert with other officials to suppress evidence and deprive Plaintiff of a fair process.

V. DAMAGES

17. Plaintiff seeks $1,000,000 in actual damages and an appropriate amount of punitive damages to be determined by a jury, in light of the deliberate misconduct, suppression of evidence, and gross violation of Plaintiff's civil rights by Defendant.

VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court to grant the following relief:

1. Compensatory damages in an amount no less than $1,000,000 for emotional distress, constitutional violations, and loss of parental rights.

2. Punitive damages against Defendant Sandra Bullman to punish and deter future misconduct under 42 U.S.C. § 1983 and relevant West Virginia law.

3. Declaratory judgment stating that Defendant violated Plaintiff's First and Fourteenth Amendment rights.

4. Injunctive relief, including:

- Immediate removal of Sandra Bullman as Guardian ad Litem for M▇▇ M▇;

- An order prohibiting Defendant from participating in any future cases involving the Plaintiff or M▇▇ M▇;

- An order requiring the appointment of a new independent GAL for M▇▇ M▇.

5. An evidentiary hearing to permit testimony from M▇▇ M▇ and submission of previously suppressed recordings and disclosures.

6. Reinstatement or continuation of visitation rights without further retaliatory limitations based on lawfully protected speech or recordings.

7. Attorneys' fees and costs under 42 U.S.C. § 1988 (if represented or if fees are incurred).

8. Trial by jury on all issues so triable.

9. Any further relief the Court deems just, necessary, or equitable.

MAXIMUM CASE LAW: LIMITS ON GUARDIAN AD LITEM IMMUNITY

Defendant Sandra Bullman, as a Guardian ad Litem (GAL), is not entitled to absolute or quasi-judicial immunity for actions that are administrative, investigatory, or intentionally deceptive. When GALs fabricate evidence, suppress testimony, or fail to protect a child from imminent harm, they act outside their judicial function and may be held liable under 42 U.S.C. § 1983.

Key case law includes: - Ward v. San Diego County Dep't of Soc. Servs., 691 F. Supp. 238 (S.D. Cal. 1988): Denied immunity for fabricating reports. - Holloway v. Brush, 220 F.3d 767 (6th Cir. 2000): GAL was not immune for actions outside advocacy duties. - Hughes v. Long, 242 F.3d 121 (3d Cir. 2001): Immunity denied when GAL failed to act in the best interest of the child. - Kalina v. Fletcher, 522 U.S. 118 (1997): Officials who submit false documents are not protected. - Gray v. Poole, 275 F.3d 1113 (D.C. Cir. 2002): Social workers not immune when violating constitutional rights. - Malik v. Arapahoe Cnty. Dep't of Soc. Servs., 191 F.3d 1306 (10th Cir. 1999): Absolute immunity denied for conduct that wasn't integral to the judicial process. - Ernst v. Child & Youth Servs., 108 F.3d 486 (3d Cir. 1997): No immunity when presenting fabricated or false information. - Miller v. Gammie, 335 F.3d 889 (9th Cir. 2003): GAL not immune when acting as a complaining witness or suppressing material facts.

These cases show that Sandra Bullman is liable for: (1) misrepresenting a child's words, (2) refusing to protect M▇▇ M▇ from known abuse, (3) suppressing exculpatory evidence, and (4) conspiring with CPS and other officials to deprive Plaintiff of his constitutional rights. Her role as GAL does not shield her from liability for these unconstitutional actions.

## IV-E Redetermination Form

| | | | |
|---|---|---|---|
| IV-E Eligible: | ☑ Yes ☐ No | Finding Code(s): | ER 401 |
| Region: II | | County: | Kanawha |
| Date: 05/10/2024 | | Case Review Due Date: | 05/31/2025 |
| Month/Year REFPP required: 08/2024 | | IV-E Specialist: | Kasey Adkins |

### Identifying Information

**Child Demographics**

| | | | |
|---|---|---|---|
| Child's Name: M███, M███ | | Social Security Number: ███-██-0388 | |
| Family Case ID: 193950 | | Client ID: 593197 | |
| State Ward ID: | | Client ID: | |
| Date of Birth: ██/██/2013 | | Is child a US Citizen: | ☑ Yes ☐ No |

Verification/Documentation of birthdate, citizenship and parental relationships in IV-E File:

☐ Birth certificate    ☐ IPACT    ☑ RAPIDS    ☐ Other, specify:

Additional Information for child demographics:

### Removal

**Removal Episode**

| | |
|---|---|
| For the entire time that the child is in out-of-home placement, does the WV DHHR maintain responsibility for the placement and care of the child? | ☑ Yes ☐ No |
| Removal Type | ☑ Court Order ☐ VPA |
| If removal type is VPA, is there a court order containing language to meet the best interest requirement within 180 days of the signature date? | ☑ N/A ☐ Yes ☐ No |
| VPA court order date: | |
| If the removal was court ordered, has the child been in foster care for 12 months? | ☐ N/A ☑ Yes ☐ No |
| If the removal was court ordered and the child has been in custody for 12 months, is there a court order containing language to meet the REFPP requirement? | ☐ N/A ☑ Yes ☐ No |

| Due date of court order containing REFPP language: | Date of court order containing REFPP language: | Is REFPP timely? |
|---|---|---|
| 05/2024<br>08/2024 | 08/11/23 ; 08/11/23 | yes |

## IV-E Redetermination Form

**Child 18 Years or Over**  ☑ N/A – Review is complete

| | | | |
|---|---|---|---|
| Is the child 18 years or older at any point during the removal episode? | | ☐ Yes | ☐ No |
| If over 18, has the child signed an FC-18? | | ☐ Yes | ☐ No |
| If no, has the child been ordered into DHHR custody? | ☐ N/A | ☐ Yes | ☐ No |
| If there is a court order, does it contain CTW and RE? | ☐ N/A | ☐ Yes | ☐ No |

Date of last order containing REFPP?

Date next REFPP is due?

Date of child's 18th birthdate?            21st birthdate?

If the child is 18, but under 21, does s/he meet one of the following requirements?   ☐ Yes   ☐ No

- ☐ Completing a secondary education or a program leading to a high school diploma or taking classes to prepare for the GED exam?

- ☐ Enrolled in post-secondary or vocational education either part-time or full-time? (College, vocational or trade school?

- ☐ Is employed for at least 80 hours per month?

- ☐ Is participating in a program designed to promote or remove barriers to employment? (Job Corps, Division of Rehabilitation program or classes on interview skills/resume writing, etc.)

- ☐ Is incapable of doing any of the previously described activities due to a medical condition? (Disabled by SSA or Doctor's statement.)

FACTS screen verification:   ☐ Employment   ☐ Education   ☐ Job Readiness   ☐ Disability

Additional information regarding age, education, employment or disability:

Comments:

# IV-E Redetermination Form

| | | | |
|---|---|---|---|
| IV-E Eligible: | ☑ Yes  ☐ No | Finding Code(s): ER 401 | |
| Region: II | | County: Kanawha | |
| Date: 05/10/2024 | | Case Review Due Date: 05/31/2025 | |
| Month/Year REFPP required: 08/2024 | | IV-E Specialist: Kasey Adkins | |

## Identifying Information

**Child Demographics**

| | |
|---|---|
| Child's Name: S███, A███ | Social Security Number: ███-██-7065 |
| Family Case ID: 193950 | Client ID: 660969 |
| State Ward ID: | Client ID: |
| Date of Birth: ██/██/2008 | Is child a US Citizen: ☑ Yes ☐ No |

Verification/Documentation of birthdate, citizenship and parental relationships in IV-E File:

☐ Birth certificate   ☐ IPACT   ☑ RAPIDS   ☐ Other, specify:

Additional information for child demographics:

## Removal

**Removal Episode**

| | |
|---|---|
| For the entire time that the child is in out-of-home placement, does the WV DHHR maintain responsibility for the placement and care of the child? | ☑ Yes  ☐ No |
| Removal Type | ☑ Court Order  ☐ VPA |
| If removal type is VPA, is there a court order containing language to meet the best interest requirement within 180 days of the signature date? | ☑ N/A  ☐ Yes  ☐ No |
| VPA court order date: | |
| If the removal was court ordered, has the child been in foster care for 12 months? | ☐ N/A  ☑ Yes  ☐ No |
| If the removal was court ordered and the child has been in custody for 12 months, is there a court order containing language to meet the REFPP requirement? | ☐ N/A  ☑ Yes  ☐ No |

| Due date of court order containing REFPP language: | Date of court order containing REFPP language: | Is REFPP timely? |
|---|---|---|
| 05/2024<br>08/2024 | 08/11/23 ; 08/11/23 | yes |

## IV-E Redetermination Form

| Child 18 Years or Over | ☑ N/A – Review is complete | | | |
|---|---|---|---|---|
| Is the child 18 years or older at any point during the removal episode? | | | ☐ Yes | ☐ No |
| If over 18, has the child signed an FC-18? | | | ☐ Yes | ☐ No |
| If no, has the child been ordered into DHHR custody? | | ☐ N/A | ☐ Yes | ☐ No |
| If there is a court order, does it contain CTW and RE? | | ☐ N/A | ☐ Yes | ☐ No |
| Date of last order containing REFPP? | | | | |
| Date next REFPP is due? | | | | |
| Date of child's 18th birthdate? | 21st birthdate? | | | |
| If the child is 18, but under 21, does s/he meet one of the following requirements? | | | ☐ Yes | ☐ No |

☐ Completing a secondary education or a program leading to a high school diploma or taking classes to prepare for the GED exam?

☐ Enrolled in post-secondary or vocational education either part-time or full-time? (College, vocational or trade school?

☐ Is employed for at least 80 hours per month?

☐ Is participating in a program designed to promote or remove barriers to employment? (Job Corps, Division of Rehabilitation program or classes on interview skills/resume writing, etc.)

☐ Is incapable of doing any of the previously described activities due to a medical condition? (Disabled by SSA or Doctor's statement.)

FACTS screen verification:    ☐ Employment    ☐ Education    ☐ Job Readiness    ☐ Disability

Additional information regarding age, education, employment or disability:

Comments:

# IV-E Redetermination Form

| | | | |
|---|---|---|---|
| IV-E Eligible: | ☑ Yes  ☐ No | Finding Code(s): ER 401 | |
| Region: II | | County: Kanawha | |
| Date: 05/10/2024 | | Case Review Due Date: 05/31/2025 | |
| Month/Year REFPP required: 08/2024 | | IV-E Specialist: Kasey Adkins | |

## Identifying Information

### Child Demographics

| | |
|---|---|
| Child's Name: S█████, P█████ | Social Security Number: ███-██-2990 |
| Family Case ID: 193950 | Client ID: 819047 |
| State Ward ID: | Client ID: |
| Date of Birth: █/█/2007 | Is child a US Citizen: ☑ Yes  ☐ No |

Verification/Documentation of birthdate, citizenship and parental relationships in IV-E File:

☐ Birth certificate   ☐ IPACT   ☑ RAPIDS   ☐ Other, specify:

Additional information for child demographics:

## Removal

### Removal Episode

| | |
|---|---|
| For the entire time that the child is in out-of-home placement, does the WV DHHR maintain responsibility for the placement and care of the child? | ☑ Yes  ☐ No |
| Removal Type | ☑ Court Order  ☐ VPA |
| If removal type is VPA, is there a court order containing language to meet the best interest requirement within 180 days of the signature date? | ☑ N/A  ☐ Yes  ☐ No |
| VPA court order date: | |
| If the removal was court ordered, has the child been in foster care for 12 months? | ☐ N/A  ☑ Yes  ☐ No |
| If the removal was court ordered and the child has been in custody for 12 months, is there a court order containing language to meet the REFPP requirement? | ☐ N/A  ☑ Yes  ☐ No |

| Due date of court order containing REFPP language: | Date of court order containing REFPP language: | Is REFPP timely? |
|---|---|---|
| 05/2024<br>08/2024 | 08/11/23 ; 08/11/23 | yes |

## IV-E Redetermination Form

**Child 18 Years or Over**  ☑ N/A – Review is complete

| | | | |
|---|---|---|---|
| Is the child 18 years or older at any point during the removal episode? | | ☐ Yes | ☐ No |
| If over 18, has the child signed an FC-18? | | ☐ Yes | ☐ No |
| If no, has the child been ordered into DHHR custody? | ☐ N/A | ☐ Yes | ☐ No |
| If there is a court order, does it contain CTW and RE? | ☐ N/A | ☐ Yes | ☐ No |
| Date of last order containing REFPP? | | | |
| Date next REFPP is due? | | | |
| Date of child's 18th birthdate? | 21st birthdate? | | |
| If the child is 18, but under 21, does s/he meet one of the following requirements? | | ☐ Yes | ☐ No |

☐ Completing a secondary education or a program leading to a high school diploma or taking classes to prepare for the GED exam?

☐ Enrolled in post-secondary or vocational education either part-time or full-time? (College, vocational or trade School?

☐ Is employed for at least 80 hours per month?

☐ Is participating in a program designed to promote or remove barriers to employment? (Job Corps, Division of Rehabilitation program or classes on interview skills/resume writing, etc.)

☐ Is incapable of doing any of the previously described activities due to a medical condition? (Disabled by SSA or Doctor's statement.)

FACTS screen verification:    ☐ Employment    ☐ Education    ☐ Job Readiness    ☐ Disability

Additional information regarding age, education, employment or disability:

Comments: